IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KATHY ANN MAHMENS                                        PLAINTIFF

    v.                        CIVIL NO. 11-5148

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                            DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Kathy Ann Mahmens, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.   Procedural Background:**

The application for DIB presently before this Court was protectively filed on March 7, 2007, alleging an inability to work since April 3, 2006, due to four herniated discs in her neck, headaches, high blood pressure, and memory loss. (Tr. 84, 119). An administrative hearing was held on October 16, 2008, at which Plaintiff appeared with counsel and testified. (Tr. 4-35, 366-397).

In a written decision dated March 27, 2009, the ALJ found that Plaintiff retained the RFC to perform medium work with limitations. (Tr. 43-51). The Appeals Council declined review of the ALJ's decision on July 17, 2009. (Tr. 1-3, 354-356). Plaintiff appealed this decision in federal district court.

In a decision dated December 9, 2009, the Court granted Defendant's motion to remand, and remanded Plaintiff's case back to the Commissioner in order for the ALJ to reassess Plaintiff's RFC, and to discuss the weight given to Dr. Gene Chambers's opinion. (Tr. 357-359). The Appeals Council vacated the ALJ's decision, and remanded Plaintiff's case back to the ALJ on January 13, 2010. (Tr. 361-364).

On December 1, 2010, a supplemental hearing before the ALJ was held, at which Plaintiff appeared with counsel and testified. (Tr. 332-353)

By written decision dated February 16, 2011, the ALJ found that Plaintiff had an impairment or combination of impairments that are severe. (Tr. 318). Specifically, the ALJ found Plaintiff had the following severe impairments: a back disorder, headaches (with dizziness), and a mood disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 319). The ALJ found Plaintiff retained the RFC to:

> lift and carry 50 pounds occasionally and 25 pounds frequently; sit for about six hours during an eight-hour workday; and stand and walk for about six hours during an eight-hour workday. The claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl, and she can occasionally reach overhead. The claimant is to avoid concentrated exposure to hazards, such as unprotected heights and heavy machinery. The claimant can understand, remember, and carry

out simple, routine, and repetitive tasks, and she can respond appropriately to supervisors, co-workers, the general public, and usual work situations.

(Tr. 320). With the help of vocational expert testimony, the ALJ found Plaintiff could perform work as a packing machine operator, a sawing machine operator, and a press operator. (Tr. 325). For DIB purposes, Plaintiff maintained insured status through September 30, 2011. (Tr. 316, 438).

Plaintiff now seeks judicial review of that decision. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 7, 8).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520.

AO72A
(Rev. 8/82)

### III. Discussion:

Plaintiff contends that the ALJ's decision was not based on substantial evidence and should be reversed because Plaintiff is presumptively disabled under § 12.04 (Affective disorders) of the Listings of Impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.04. Defendant contends there is substantial evidence in the record to support the ALJ's determination that Plaintiff does not meet Listing 12.04.[1] Defendant has set forth and discussed at length the relevant Listing 12.04, and the Court rejects Plaintiff's argument based upon the well-stated reasons outlined in Defendant's brief.

The burden of proof is on the Plaintiff to establish that her impairment meets or equals a listing. See Sullivan v. Zebley, 493 U.S. 521, 530-31, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990). To meet a listing, an impairment must meet all of the listing's specified criteria. Id. at 530, 110 S.Ct. 885 ("An impairment that manifests only some of these criteria, no matter how severely, does not qualify."); Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004). "Medical equivalence must be based on medical findings." 20 C.F.R. § 416.926(b) (2003); Sullivan, 493 U.S. at 531, 110 S.Ct. 885 ("a claimant ... must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment"). A review of the ALJ's decision reveals

---

[1] The Court notes that Defendant argues that Plaintiff impermissibly cited to evidence outside of the record. (Doc. 8, p. 5). It appears that Defendant's counsel did not have before it the Appeals Council's notice dated January 13, 2010, that vacated the March 27, 2009 ALJ opinion, and directed the ALJ to re-evaluate Plaintiff's RFC, and to discuss Dr. Gene Chamber's findings. The record clearly shows that Defendant filed a motion to remand in this case in December of 2009, and that the Court granted this motion on December 9, 2009. (Tr. 357); See Mahmens v. Astrue, No. 09-5170 (W.D. Ark. filed on August 13, 2009). After this remand, the ALJ conducted a second administrative hearing on December 1, 2010, and issued a second unfavorable decision on February 16, 2011, which is currently before this Court. Based on the above, the Court reviewed the entire transcript which included the evidence before the ALJ prior to his issuance of his decision on February 16, 2011.

the ALJ explicitly addressed Listing 12.04 and determined Plaintiff did not meet the specified criteria.[2]  (Tr. 319-320).

In the present case, it is clear, as urged by Defendant, that the record does not support a finding that Plaintiff met the requirements set forth in Listing 12.04.  The Court would also note that the last medical documentation of record dated May 26, 2010, completed by Dr. David J. Tucker, Plaintiff's treating physician, indicated that Plaintiff was "doing quite well," and had "no particular problems or difficulties." (Tr. 463).  Based on the foregoing, the Court finds there is substantial evidence of record to support the ALJ's finding that Plaintiff did not meet Listing 12.04.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 11th day of July, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

---

[2] Listing 12.04 for Affective Disorders requires a disturbance of mood, accompanied by a full or partial manic or depressive syndrome.  20 C.F.R. Pt. 404, Subpt. P, App. 1 , 12.04.  In order to meet Listing 12.04, Plaintiff must meet criteria "A" and criteria "B" of the respective Listing, or criteria "C" of the respective Listing.  20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.04.